**WATER ISLAND HOTEL AND BEACH CLUB, LTD.,** Plaintiff

v.

**GOVERNMENT OF THE VIRGIN ISLANDS,** Defendant

Civil No. 90-99

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 21, 1991

MARIA T. HODGE, St. Thomas, V.I., *for plaintiff*

ROBERT STOCKEL, ASSISTANT ATTORNEY GENERAL, St. Thomas, V.I., *for defendant*

GREEN, *Senior Judge, Sitting by Designation*

### MEMORANDUM—ORDER

This matter comes before the Court on plaintiff's motion for declaratory and injunctive relief. Plaintiff seeks a declaration that certain work it proposes on its first tier coastal property constitutes "repair" and not development reconstruction. Plaintiff argues the work is to repair damage to the property caused by Hurricane Hugo and is not the result of structural defects caused by original defective construction; thus, plaintiff contends the work is not subject to the permit requirements of the Virgin Islands Coastal Zone Management Act ("CZM Act").[1] Defendant argues plaintiff's proposed work

---

[1] The Virgin Islands Department of Planning and Natural Resources is responsible for administering the CZM Act.

constitutes development reconstruction within the meaning of the CZM Act.[2] There are factual issues in dispute as to the propriety of the DPNA's reconstruction characterization of the proposed work. However, plaintiff solely for the purpose of deciding the pending motions accepts DPNA's description of the scope of the work but argues, as a matter of law, that the proposed work must be classified solely as repairs to a structure which predates the CZM Act.

Presently before the Court is the motion of plaintiff, Water Island Hotel and Beach Club, Ltd., for preliminary and permanent injunction, and declaratory relief, defendant's response thereto, and defendant's motion for summary judgment on the grounds that plaintiff has not exhausted its administrative remedies and has failed to state a claim upon which relief can be granted. Also, pending is defendant's motion to disqualify plaintiff's counsel. Oral argument was held on said motions May 9, 1991, and upon consideration of the record before me, I will dismiss this action without prejudice because of plaintiff's failure to exhaust available administrative procedures and remedies.

Plaintiff argues that the definition of "repair" found in the Virgin Islands Building Code is applicable to the Virgin Islands Coastal Zone Management Act ("CZM Act"), 12 V.I.C. § 901 et seq., because said word is used, but not defined, in the CZM Act. Plaintiff asserts that under the V.I. Building Code, its proposals constitute "repairs" rather than "reconstruction" and therefore, pursuant to 12 V.I.C. § 910(b)(1) of the CZM Act, no CZM permit is required. "Repair" in the V.I. Building Code is defined as "[t]he replacement of existing work in a building or structure not including additional work that constitute a structural alteration of the building, or that may constitute an enlargement in area, height, or depth." Plaintiff, relying on the definition of "repair" as found in the V.I. Building Code and tracking the language of § 910(b)(1), argues that its proposals are "repairs" and therefore do not require a CZM permit because said

---

[2] The Department of Planning and Natural Resources, ("DPNA") on May 23, 1990, issued a report based on its inspection of the structures at issue here which form the Sea Cliff Beach Resort (Water Island Hotel). (Defendant's Exhibit "F" attached to memorandum in opposition.) The report, in pertinent part, states:

The damage to all hotel buildings goes far beyond what could be reasonably called repairs and/or maintenance. Given the extensive structural damage, reconstruction is the proper term.

work when done pursuant to its plans will not result in "an addition to, or enlargement or expansion of, such object or facility."[3]

In construing § 910(b)(1), it is helpful to begin with the language of § 910(a)(1) which provides:

On or after the effective date of this chapter, any person wishing to perform or undertake any development in the first tier of the coastal zone, except as provided in subsection (b) of this section, shall obtain a coastal zone permit in addition to obtaining any other permit required by law from any public agency prior to performing or undertaking any development.

Section 902 defines "development" in pertinent part as the "placement, erection, or removal of any fill, solid material or structure on land . . . [the] construction, reconstruction, removal, demolition or alteration of the size of any structure."

The statutory definition of "development" is sufficiently broad to encompass plaintiff's proposal, thus subjecting plaintiff's proposal to the permit requirements of the CZM Act. Plaintiff has not pointed to any legislative history that would support borrowing the repair definition of the building code to restrict the scope of the CZM Act. I conclude that where, as here, there is some evidence to support a finding that the proposed work is within the scope of the Act, this court is not authorized to interfere and enjoin the Government of the Virgin Islands from enforcing compliance. This reading of the statute is supported by the express language used to define development and is consistent with the statute's basic goal to "protect, maintain, preserve and, where feasible, enhance and restore, the overall quality of the environment in the coastal zone, the natural and man-made resources therein, and the scenic and historic resources of the coastal zone for the benefit of residents of and visitors of the Virgin Islands."[4] Also it is consistent with the regulations and policies of the administrative agency.

---

[3] 12 V.I.C. § 910(b)(1) provides:
    (b) *When* [permit] *not required or may be waived.*
       (1) Notwithstanding any provision in this chapter to the contrary, no coastal zone permit shall be required pursuant to this chapter for activities related to the repair or maintenance of an object or facility in the coastal zone, where such activities shall not result in an addition to, or enlargement or expansion of, such object or facility.

[4] See § 903(b)(1).

■ The statute's development permit requirements are broad enough to include plaintiff's proposals. Accordingly, plaintiff now must pursue the administrative procedures and remedies set forth in the CZM Act including § 914. Resort to the administrative process before court action permits a final administrative determination as to the scope of permissible work, reasonable conditions to assure permit compliance and plaintiff's possible entitlement to the expedited consideration provided for by DPNA's *Guidelines For Rebuilding* developed in response to the widespread destruction caused by Hurricane Hugo. These determinations must first be made administratively before review by this Court.[5] Therefore, this action must be dismissed, without prejudice, for failure to exhaust administrative remedies.

An appropriate order follows.

## ORDER

AND NOW, this 21st day of May, 1991, upon consideration of plaintiff's motion for declaratory relief and preliminary and permanent injunction, defendant's response thereto and defendant's cross-motion for summary judgment, IT IS ORDERED that plaintiff's motion is DENIED and defendant's motion for summary judgment for failure to exhaust administrative remedies is GRANTED. Accordingly, IT IS FURTHER ORDERED that this civil action is DISMISSED, without prejudice.

IT IS FURTHER ORDERED that defendant's motion to disqualify plaintiff's counsel is DISMISSED as moot.

---

[5] A general reading of the CZM Act discloses a legislative intent that permit conditions be reasonable and decisions regarding the granting of permits be made timely. I note plaintiff's apprehension that resort to administrative proceedings will result in unwarranted delay; however, I cannot assume, as plaintiff has, that resort to these procedures will result in unwarranted delay and, thus, administrative remedies must be pursued first.