**TRAXCO, INC., Plaintiff**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS and GOLDEN RESORTS, LLC, Defendants**

Case No. ST-06-CV-602

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

April 3, 2008

Donovan M. Hamm, Esq., Hamm & Barry, Christiansted, St. Croix, United States Virgin Islands, *Attorney for Plaintiff.*

Melvin H. Evans, Esq., Department of Justice, Christiansted, St. Croix, United States Virgin Islands, *Attorney for Government of the Virgin Islands.*

Aquanette Chinnery-Montel, Esq., Office of the Attorney General, St. Thomas, Virgin Islands, *Attorney for Government of the Virgin Islands.*

WILLIAM J. GLORE, ESQ., Dudley, Clark, & Chan, LLP, St. Thomas, Virgin Islands, *Attorney for Defendant Golden Resorts, LLC.*

DONOHUE, *Presiding Judge*

## MEMORANDUM OPINION

(April 3, 2008)

**THIS MATTER** is before the Court on the Motion to Dismiss of Intervenor Golden Resorts, LLC ("Golden"), the Opposition by Plaintiff Traxco, Inc. ("Traxco"), and Golden's Reply.

## I. Procedural Background

Traxco, the plaintiff in this case, is a Virgin Islands corporation with its principal place of business in Frederiksted, St. Croix. Traxco currently operates a casino on St. Croix. Golden, the intervening Defendant, intends to build a 605-room hotel, casino, casino resort, and other buildings in the Great Pond area on the south shore of St. Croix. Answer, ¶ 50. Because the area has been designated an "area of particular concern," Golden was obliged to seek, and did seek and receive, a permit under the Virgin Islands Coastal Zone Management Act ("CZM Act"). 12 V.I.C. §§ 901-914.

▪ The CZM Act, 12 V.I.C. §§ 901-914, was enacted in order to advance the "orderly, balanced utilization and conservation of the resources of the coastal zone, taking into account the social and economic needs of the residents of the Virgin Islands." 12 V.I.C. § 903(b)(4). Primary authority for implementing the Act is vested in the Coastal Zone Management Committee ("CZM Committee"), which oversees the granting of the permits required for new development in area defined under the act as the coastal zone. 12 V.I.C. §§ 904, 910. A party aggrieved by a Commission decision to grant or deny a permit can appeal the decision to the Board of Land Use Appeals ("BLUA"), and can then file a petition for writ of review with the Superior Court. 12 V.I.C. §§ 913, 914. The CZM Act also allows "any person" to "maintain an action for declaratory and equitable relief to restrain any violation of this chapter." 12 V.I.C. § 913(b)(1).

Golden applied for a permit from the CZM Committee on September 5, 2003. Mot. to Dismiss, p. 2. A public hearing was held on January 8, 2004. *Id.* While some people and groups filed written oppositions to the

permit application, Traxco did not. *Id.* Golden appealed the CZM Committee's written rescinding of an oral decision to grant the Permit by reason of the Committee's inaction to the BLUA. *Id.* BLUA determined, in January 2005, that Golden was entitled to a permit by default, and sought and received certain submissions from Golden. *Id.* Two aggrieved parties filed a Petition for Writ of Review of BLUA's decision, and, after granting the Petition, the Superior Court upheld the issuance of the Permit on May 26, 2006. *Virgin Islands Conservation Soc'y, Inc. v. Virgin Islands Bd. of Land Use Appeals*, Civ. No. 83/2005 (Super. Ct. 2006). This decision was appealed.

The Appellate Division of the District Court handed down its decision on December 6, 2007, addressing four separate issues. *Virgin Islands Conservation Soc'y, Inc. v. Virgin Islands Bd. of Land Use Appeals*, 2007 U.S. Dist. LEXIS 91458 (D.V.I. 2007). The Appellate Division upheld the Superior Court's holdings that the BLUA had appropriately exercised jurisdiction over Golden's appeals from CZM Committee decisions on July 30, 2004, and August 3, 2004, and that Golden had not waived the statutory time period for the Committee to consider its application with a letter it sent to the Committee in January, 2004. *Id.*, 2007 U.S. Dist. LEXIS 91458 at \*\*10-15. The Appellate Division also upheld the Superior Court's finding that Golden was entitled to a permit by default due to the inaction of the Committee for thirty days after the public hearing on January 8, 2004. *Id.*, 2007 U.S. Dist. LEXIS 91458 at \*16, citing 12 V.I.C. § 910(d)(4). The Appellate Division concluded that it "cannot hold that the Superior Court erred in determining that there was substantial evidence to conclude that Golden was entitled to a permit by default." *Id.*, 2007 U.S. Dist. LEXIS 91458 at \*17. The Appellate Division concluded that the Superior Court had erred in failing to consider arguments that were not raised before the BLUA, concluding that "where the (BLUA) acts as the permit issuer, the CZMA's governing rules do not provide any administrative appeal rights to exhaust, prior to filing a petition for writ of review to the Superior Court." *Id.*, 2007 U.S. Dist. LEXIS 91458 at \*19. The Appellate Division also noted that a permit issuance by default does not "absolve[] the agency of its statutory obligations of factual review and investigation," *Id.*, 2007 U.S. Dist. LEXIS 91458 at \*25, and pointed out that the record was too sparse to allow a determination as to whether the CZM Committee had properly discharged its duties. *Id.*, 2007 U.S. Dist. LEXIS 91458 at \*18. The

Appellate Division remanded the case to the Superior Court with instructions that it be remanded to the CZM Committee, because the record was insufficiently developed. *Id.*, 2007 U.S. Dist. LEXIS 91458 at *28.

Virgin Islands Conservation Society appealed the Appellate Division's decision to the Third Circuit, which dismissed the appeal on the grounds that there was no important legal issue resolved by the decision below, and that dismissing the appeal would "not foreclose future appellate review as a practical matter." *Virgin Islands Conservation Soc'y, Inc. v. Virgin Islands Bd. of Land Use Appeals*, No. 08-1047, slip op. at 2 (3d Cir. 2008).

After the initial Superior Court decision, but before the Appellate Division's ruling, Traxco filed this Complaint against the Government on November 14, 2006, seeking a temporary restraining order, preliminary and permanent injunctions, declaratory judgment, mandamus, and other relief.

## II. Legal Contentions of the Parties

### 1. Traxco's Complaint

Traxco asserted that it has standing as a Virgin Islands taxpayer to bring this action under the First Amendment, under 5 V.I.C. § 80 and 5 V.I.C. § 1361, and that it has standing under 12 V.I.C. § 913(b)(2), which grants standing to "any person" in order to compel government officials to perform duties specifically imposed by the CZM Act. Compl., ¶¶ 12(e), 13, 16.

Traxco alleged that the Permit was issued as a result of "factual and legal errors of the government agencies charged with administering the general zoning and coastal management laws of the Virgin Islands." Compl., ¶ 1. The allegedly unlawful development, according to Traxco, came about "[a]s a result of the errors, omissions, and/or neglect of various Virgin Islands public agencies and officials." Compl., ¶ 2.

Because the instant Motion to Dismiss deals only with the question of whether Traxco can rely on statutes other than the CZM Act, and whether it was required to exhaust its administrative remedies before bringing this suit, Traxco's substantive allegations as to why the Permit was wrongly granted will be briefly summarized here. Traxco alleged that Golden relied on an inaccurate zoning map on file, Official Zoning Map

(Amendment Copy) Map No. SCZ 14, which failed to account for the Legislature's Act 5462 and the Declaration of Covenants and Restrictions (the "Declaration"), executed by the Great Pond Realty Trust in 1989, both of which limited the development that could take place in the area of planned development. Compl., ¶¶ 11(a), 11(b). Traxco maintained that the restrictions on the land would restrict construction to a 350-room hotel, limit the height of buildings to four stories, and prevent the property owner from seeking further zoning changes. Opp'n. to Mot. to Dismiss, p. 4, citing Compl., ¶¶ 35 and 36 and Exs. 3 and 6. Traxco argued that Act 6594, passed in 2003, dealing with zoning of the property, did not serve to terminate the restrictions in the Declaration and that it was intended only to rezone areas that were not rezoned in 1989. Compl., ¶¶ 44-49. Traxco also asserted that the Permit was based on defects in Golden's application, including the submission of a drawing with errant zoning lines. Compl., ¶¶ 55-56. Had Golden made all necessary disclosures and has the Zoning Map been accurate, Traxco argued, the application would not have been deemed complete, and the Permit would not have been issued. Compl., ¶ 65.

Traxco sought five remedies in four separate counts. In Count One, Traxco sought "a temporary restraining order, a preliminary injunction, and an order of permanent injunction restraining and enjoining the issuance of any permit, or extension or modification of any permit, in any way related to the Project until such time as the Zoning Map is corrected and Golden has demonstrated" that the planned development is in compliance with the corrected zoning map, the Declaration, Act 5462, and all other applicable zoning laws. Compl., ¶ 12. Traxco grounded this request on three statutes: first, 5 V.I.C. § 80, which provides for taxpayer suits against the government to "restrain illegal or unauthorized acts by a territorial officer or employee"; second, 5 V.I.C. § 1361, which provides for a writ of mandamus to "compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station"; and third, 12 V.I.C. § 913(b)(1), which allows "[a]ny person" to bring an action for declaratory and equitable relief to restrain any violation of the CZM Act. Compl., ¶ 12.

In Count Two, Traxco sought an order of mandamus directing the government to correct the Zoning Map to reflect the limits dictated by Act 5462, citing 5 V.I.C. § 80 and 5 V.I.C. § 1361.

In Count Three, Traxco sought a judgment declaring that the Declaration and Act 5462 are binding on Golden and on the Great Pond parcel, citing 5 V.I.C. § 80 and 5 V.I.C. §§ 1261-1272, which permit declaratory judgments to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." Compl., ¶ 12(b).

In Count Four, Traxco requested an order of mandamus directing the government to enforce the Declaration and Act 5462. Compl., ¶ 12(d).

In addition, Traxco sought (1) an order of mandamus directing the government to issue appropriate notices of violation under CZM Rule 913-3(f); (2) a cease and desist order under CZM Rule 913-1 and 12 V.I.C. § 913(b)(6); (3) the suspension of any CZM permit granted to Golden under 12 V.I.C. § 913(b)(5); (4) the commencement of revocation proceedings under CZM Rule 913-2 and 12 V.I.C. § 913(b)(5); (5) a vacation of the November 18, 2003 decision of the Department of Planning and Natural Resources ("DPNR") deeming Golden's application complete; and (6) the dismissal of Golden's application to develop the Great Pond parcel. *Id.*

## 2. The Motion to Dismiss

The suit was initiated against the Government. Golden sought and was granted leave to intervene as a Defendant by Court Order of February 8, 2007. Golden did not file an Answer to the Complaint after intervening. In this Motion to Dismiss, Golden argues that Traxco is essentially contesting the validity of the Permit issued by the CZM. Mot. to Dismiss, p. 1. Golden maintains that the CZM Act is the proper means to challenge the issuance and terms of a permit issued by the CZM Committee and the BLUA. *Id.* (citing *LaVallee Northside Civic Ass'n v. Virgin Islands Coastal Zone Management Comm'n*, 866 F.2d 616, 619 (3d Cir. 1989)). Relying on 12 V.I.C. § 913, Golden maintains that judicial review of the granting or denial of a permit is contingent upon exhaustion of administrative remedies. Mot. to Dismiss, p. 6. Golden argues that because of Traxco's failure to exhaust, this Court is without jurisdiction to hear this case. *Id.*, citing *LaVallee*, 866 F. 2d at 621 (holding that exhaustion is required to challenge the issuance of a permit under the CZM Act). Golden asserts that the more specific Section 913(d) takes precedence over the general Section 913(a). Mot. to Dismiss, p. 6. Golden argues that the Complaint was filed too late under Section 913(d). *Id.* at 8. Golden also contends that Traxco's suit is barred by equitable estoppel,

on the grounds that Traxco's inaction led Golden to take specific steps to begin construction on the Great Pond site. *Id.* at 9 (citing *Chrysler Credit Corp. v. First Nat'l Bank & Trust Co. of Washington*, 746 F.2d 200 (3d Cir. 1984)). Finally, Golden relies on the doctrine of laches, given Traxco's alleged delay in bringing the suit and resulting prejudice to Golden. Mot. to Dismiss, p. 10 (citing *Central Penn. Teamsters Pension Fund v. McCormick Dray Line, Inc.*, 85 F.3d 1098, 1108 (3d Cir. 1996)). In this Motion to Dismiss, Golden does not take issue with any of the assertions raised about the alleged defects in the Permit it has been granted.

Identifying the central point of contention between the parties, Traxco asserts in its Opposition that "Intervenor's administrative exhaustion argument is based on the faulty premise that Plaintiff is attempting to *appeal* the Government's issuance of the CZM permit." Oppo. to Mot. to Dismiss, p. 2 (emphasis in original). Traxco asserts that its Complaint requested relief from the Government "to restrain current and ongoing violations of the CZM Act and Golden's CZM Permit under 913(b)—it is *not* asking the Court to review BLUA's decision to grant the CZM permit pursuant to 913(d)." *Id.* (emphasis in original). Traxco asserts that even if the doctrine of exhaustion were to apply, it could apply only to the fourth count, because it alone invokes the CZM Act. *Id.* at pp. 2-3.

Traxco asserts that Golden's misrepresentations of the zoning and failures to disclose Act 5462 and the Declaration violate Sections 905, 907, and 910 of the CZM Act; 12 V.I.C. §§ 905, 907, and 910; CZM Rules 910-3, 910-10, and 913-2; 12 V.I. CODE R. 910-2, 910-10, and 913-2; and Section 5(e) of the CZM Permit. *Id.* at 10. Traxco raises similar objections to the laches and equitable estoppel claims of Golden, arguing that they are based on the mistaken premise that Traxco delayed in challenging the CZM Committee's decision, when Traxco in fact has brought claims under separate statutes providing for declaratory judgment and mandamus relief. *Id.* at p. 3. Traxco also claims that Golden does not have clean hands, so it cannot bring these equitable claims. *Id.* at 15.

Traxco blames Golden for causing any delay, on the grounds that Golden failed to discover or disclose the zoning line discrepancy, the Declaration, or the restrictions in Act 5462 in its CZM application, and failed to seek judicial determination to resolve these issues, contrary to the recommendations of the Government. *Id. See also* Compl., ¶¶ 43, 53-65, 99, and Exs. 12 and 13. Until "disturbing procedural circumstances

surrounding Golden's CZM Permit application process were brought to light" in the previous litigation, Traxco asserts, it was unaware of the restrictions contained in the Declaration and Act 5462. Oppo. to Mot. to Dismiss, p. 5. Traxco also asserts that it was prodded to investigate the Permit-granting process when a local newspaper reported that Golden was seeking to rezone its construction site to increase the permitted height of its construction. *Id.* Traxco asserts that once it became aware of the potential problems with Golden's Permit, it contacted the DPNR Commissioner, the Official Surveyor, then the Director of the CZM, and filed suit only once it believed it was unable to correct what it saw as the deficiencies in Golden's Permit by contact with the CZM Commission and the DPNR. *Id.,* p. 7. Traxco argues that Golden has long been aware of the issues it raised in its Complaint, and had previously argued that they would need to be determined by a court. *Id.,* p. 15-16.

In its Reply to Traxco's Opposition to Motion to Dismiss, Golden contends that the Virgin Islands Legislature rezoned the land at issue in Act 6594 in September 2003 as part of the Territory's efforts to permit and encourage development of a casino industry on St. Croix. Reply, p. 2.

### III. Standard

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). All reasonable inferences, drawn from the allegations in the complaint, must be accepted as true. *Moore v. Tartler,* 986 F.2d 682, 685 (3d Cir. 1993). The Court is not "required to accept legal conclusions either alleged or inferred from the pleaded facts." *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993).

In a proper complaint, a plaintiff must "set forth sufficient information to outline the elements of [the] claim or to permit inferences to be drawn that those elements exist." *Id., see also* 2 JAMES WM. MOORE ET AL, MOORE'S FEDERAL PRACTICE § 12.34[4][A] (3d ed. 1999) (stating that dismissal under Rule 12(b) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief). When the motion raises only an issue of law, the Court has no discretion as to whether to dismiss a complaint if it is determined that the complaint is formally insufficient. 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990).

## IV. Discussion

### 1. Traxco Has Standing to Bring this Suit

 Golden does not dispute Traxco's contention that it has standing to bring this suit. The mandamus and declaratory judgment expressly provide for taxpayer standing. The provision of the CZM statute on which Traxco relies provides for "any person" to bring a suit to compel the performance of duties specifically imposed upon the Commission or the Commissioner. 12 V.I.C. § 913(b)(1). These statutes provide a basis for standing.

### 2. The CZM Act Cannot Be Circumvented by Invoking General Statutes Providing for Mandamus, Declaratory, and Injunctive Relief

The parties dispute whether Traxco was obligated to exhaust its administrative remedies under the CZM Act prior to bringing this suit, and whether Traxco is therefore barred from prosecuting this suit.

Traxco asserts that its Complaint requested relief from the Government "to restrain current and ongoing violations of the CZM Act and Golden's CZM Permit under 913(b)—it is *not* asking the Court to review BLUA's decision to grant the CZM permit pursuant to 913(d)." Oppo. to Mot. to Dismiss, p. 2 (emphasis in original). Traxco argues that it is suing not under the CZM Act, but under the more general statutes related to declaratory judgment and mandamus, as well as the CZM Act section 913(b)'s provision allowing "any person" to "maintain an action to compel the performance of the duties specifically imposed upon the Commission or the Commissioner of any public agency." 12 V.I.C. § 913(b)(2). Golden maintains that Traxco's Complaint challenges the propriety of the CZM Permit (for example, in arguing that the DPNR was in error to deem Golden's application to be complete), and the construction planned under the Permit.

 Under the general rule of the doctrine of exhaustion, when there is a specific statute that provides for the challenging of an agency decision, mandamus, injunctive, and declaratory relief are not available to a plaintiff objecting to an agency decision. *73A C.J.S. Public Administrative Law and Practice, §§ 326* ("An action for declaratory judgment may be inappropriate where a statute provides an adequate or alternative remedy"), 327 ("A party seeking judicial review cannot avoid compliance with a statutorily-specified method of seeking review,

however, by bringing a mandamus action"), 328 ("In a proper case, relief from an administrative decision may be had by way of injunction, such as where there is no provision for relief, and the agency has acted with finality"), 337 ("Where the legislature has enacted a specific statutory scheme for obtaining judicial review, the prescribed procedure is exclusive, and the doctrine of exhaustion of administrative remedies requires adherence to the statutory method of review"). *See also United States v. West Indies Transport Co., Inc.*, 35 F. Supp. 2d 450, 40 V.I. 304 (D.V.I. 1998) (holding, in a case initiated under a federal mandamus statute, that mandamus relief is only available if "all other avenues of relief have been exhausted," (citing *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S. Ct. 2013, 80 L. Ed. 2d 622 (1984)). *See also Flavo-Rich v. Quinn*, 18 V.I. 530, 533 (D.V.I. 1981) (explaining that "[g]enerally, courts do not assume jurisdiction of declaratory judgment proceedings until administrative remedies have been exhausted; and where an appeal from an action of an administrative body is provided, declaratory judgment will be denied").

In addition, when statutes conflict, general statutes, such as the mandamus, declaratory judgment, and injunctive statutes relied upon by Traxco, yield to more specific and more recent statutes, such as the CZM Act. *See LaVallee Northside Civic Ass'n v. Virgin Islands Bd. Of Land Use Appeals*, 866 F.2d 616, 621 (3d Cir. 1989) (holding that exhaustion is required when challenging a decision to grant or deny a permit under the CZM Act, and noting that a recognized tenet of statutory interpretation directs that a specific provision in an enactment prevails over a seemingly irreconcilable general one) (citing 2A A. SUTHERLAND, STATUTES AND STATUTORY CONSTRUCTION § 51.05, at 499 (N. Singer 4th ed. 1984)). *See also* 82 C.J.S. *Statutes*, § 354, "where a general statute and a specific statute relating to the same subject matter cannot be reconciled, the special or specific statute ordinarily will control." The CZM Act conflicts with the general statutes relied upon by Traxco because the CZM Act provides for administrative review, and contains an exhaustion requirement before judicial review may be obtained, while the general statutes allow for suits to be brought at any time. 12 V.I.C. § 913(d). The language in Section 913(a) that the provisions of the CZM Act "shall be cumulative and not exclusive and shall be in addition to any other remedies available at law or equity" has been held not to eliminate the exhaustion requirement. *La Vallee Northside Civic Ass'n v. Virgin Islands*

*Coastal Zone Mgmt. Comm'n*, 866 F.2d 616 (3d Cir. 1989) (holding that "the expansive access to judicial relief for violation of the Virgin Islands Act must be considered subject to administrative exhaustion in the specific instances where the grievance is based on the grant or denial of a permit" in upholding a lower court's determination that exhaustion of administrative remedies is required under the CZM Act).

In another context, the Ninth Circuit recently held that a plaintiff could not seek injunctive relief instead of exhausting the administrative procedures outlined in a statute in its challenge to new regulations, on the grounds that "the decisive question is whether the regulations are being attacked, not whether the complaint specifically asserts a violation of [the act under which the regulations were promulgated]." *Turtle Island Restoration Network v. U.S. Dept. of Commerce*, 438 F.3d 937, 945 (9th Cir. 2006). In determining whether the CZM Act provides the exclusive source of remedies, the decisive question is similarly whether the suit contests the terms of or the decision to grant or deny a permit, rather than whether the complaint cites the CZM Act as its grounds for relief.

All of Traxco's allegations relate to the construction planned under the Permit, the process leading up to the granting of the Permit, or the failure of the CZM Committee and BLUA to take certain information into account when granting the Permit (whose validity has yet to be determined on remand from the Appellate Division). Count One of the Complaint relates to Traxco's assertion that the application for the Permit relied on incomplete maps and failed to disclose necessary information in applying for the Permit. Count Two, seeking an order of mandamus, also relates to the alleged flaws in the Zoning Map. In Counts Three and Four, Traxco seeks a declaratory judgment and an order of mandamus that restrictions in previous covenants and legislative acts should apply to the land at issue, contrary to what the CZM Committee and BLUA found. Traxco also requests, *inter alia*, the commencement of revocation proceedings for the Permit, and the dismissal of the application to develop the land at issue.

■ Because Traxco's claims are related to the procedures and the decision to grant the Permit, and even directly attack the Permit, Traxco cannot circumvent the administrative procedures contained in the CZM Act by relying on less specific, conflicting statutes. Traxco can only challenge the Permit within the framework of the CZM Act, as it explicitly does in Count Four of its Complaint.

The fact that the Permit complained of has been remanded to the CZM Committee is not helpful to Traxco's argument. The proceedings related to the Permit are ongoing as a result of the Appellate Division's ruling. The terms of the Permit may be altered as a result. The general statutes providing for mandamus, declaratory, and injunctive relief cannot be invoked to direct the CZM Committee and the BLUA how to carry out their duties.

### 3. Traxco Cannot Mount a Section 913(b) Challenge to the Terms of the Permit

Traxco and Golden dispute whether the terms of a lawfully issued permit can be challenged under Section 913(b) of the CZM Act. It is unclear if that section can be used for such a challenge. *La Vallee Northside Civic Ass'n v. Virgin Islands Bd. of Land Use Appeals,* [WL] (D.V.I. 1988) *aff'd in part, rev'd in part,* 866 F.2d 616 (3d Cir. 1989).

The Third Circuit has addressed this issue at length:

> [A challenge to a Commission or BLUA decision to grant or deny a permit] is different from the situation where a person can begin an immediate action under section 913(b) to restrain a violation of the Act or to compel the performance of duties the Act specifically imposes. As an illustration, the Virgin Islands government properly sought direct judicial relief against a defendant alleged to be conducting quarrying operations in the coastal zone without first obtaining a permit. *Government of the Virgin Islands v. Virgin Islands Paving, Inc.,* 714 F.2d 283 (3d Cir. 1983). Unlike the general language of the provision applicable in that case, section 913(d) here specifies relief for "any person aggrieved by the granting or denial of an application for a coastal zone permit."
>
> Further indications that the district judge's construction accurately reflects the legislature's intent are found elsewhere in the statute. Chapter 97 of the Virgin Islands Code—to which the first phrase of section 913(d) refers—provides that writs of review are allowed "in all cases where there is *no appeal* or other plain, speedy, and adequate remedy." V.I. CODE ANN. tit. 5, § 1422 (emphasis added). The fact that the legislature thought it necessary to provide for writs of review in permit cases evidences an intent to supply a right to appeal for a class of disputes that might otherwise be unreviewable. Moreover, the sole

responsibility of the Board appears to be the review of the Commission's permit application decisions. *See id.* tit. 12, § 914(d) ("Actions of the Board").

*LaVallee*, 866 F.2d at 621.

The Third Circuit's discussion indicates that section 913(b) is not an appropriate vehicle for challenging the decision to grant or deny a permit, or the terms of a permit, which was Traxco's contention at the time of the filing of this suit.

As to the extent of Section 913(b) challenges, California, which has a coastal management statutory scheme similar to that of the Virgin Islands, prohibits suits based on the statute's more general provisions to challenge a decision to grant or deny a permit. *See* CAL. PUB. RES. CODE § 30803 (permitting "any person [to] maintain an action for declaratory and equitable relief to restrain any violation of this division"), and § 30801 (providing for judicial review of "any decision or action of the commission," with an administrative exhaustion requirement). As under the Virgin Islands statute, a party aggrieved must exhaust administrative remedies before seeking judicial review. *See, e.g., Ojavan Investors, Inc. v. California Coastal Comm'n*, 26 Cal. App. 4th 516, 32 Cal. Rptr. 2d 103 (1994). Under the California statute, the enforcement suits that can be brought by "any person" must "allege either a violation of the act itself—usually initiating or completing development without a permit—or a violation of the terms of a permit issued pursuant to the act," and are "entirely distinct from actions by development applicants or opponents challenging the validity of a coastal development permit issued by the commission or a unit of local government." Philip J. Hess, *Citizen Enforcement Suits Under the California Coastal Act*, LOS ANGELES LAWYER, December, 2001, at 17 (internal citations omitted).

If the terms of a permit or the decision to grant or deny a permit can ever be challenged under 913(b), it would be in a situation where exhaustion is excused. Challenges of agency decisions under the CZM Act generally require exhaustion of administrative remedies. *LaVallee,* [WL] (D.V.I. 1988) *aff'd in part, rev'd in part,* 866 F.2d 616 (3d Cir. 1989); *see also Water Island Hotel and Beach Club, Ltd. v. Government of the V.I.,* 764 F. Supp. 1051, 26 V.I. 276 (D.V.I. 1991) (holding that injunctive and declaratory relief were unavailable when plaintiff had not exhausted its administrative remedies under the CZM Act).

Exhaustion "is excused when the challenged agency action constitutes a clear and unambiguous violation of statutory or constitutional rights, when reliance on administrative procedures is clearly and demonstrably inadequate to prevent irreparable injury, and when exhaustion is futile. We have also been careful to point out that, except when compelled by statute, exhaustion is not an inexorable command, but is a matter of sound judicial discretion." *LaVallee*, 866 F.2d at 620-621 (internal quotations and citations omitted) (approving the district court's denial of a petition for writ of review on the grounds that exhaustion is required before challenging a CZM decision to grant or deny a permit under the CZM Act).

In this case, the plaintiff does not allege any injury, which cuts against holding that exhaustion should be excused. *See Blyden v. Monoson*, 313 F. Supp. 2d 505, 508 (D.V.I. 2004) (finding an "unambiguous violation" for a plaintiff challenging his termination); *Northwest Airlines, Inc. v. Metropolitan Airports Com'n*, 672 N.W.2d 379 (Minn. App. 2003) (undertaking an "unambiguous violation" inquiry for a plaintiff who challenged rates it was being charged); for the granting of a permit by default and the provisions limiting the kinds of development that are permitted to take place. The permit-by-default provision creates the possibility that highly improper permits could be issued, whether due to artful subterfuge or simple failure to act. In addition, the interaction between the judicial review provisions in section 913(b) and 913(d) is not entirely clear.

■ Because this Complaint is grounded on alleged violations of the CZM Act, Traxco cannot circumvent the Act by alleging a violation of more general statutes that do not have the same procedural requirements as the CZM Act. Traxco cannot rely upon section 913(b) unless exhaustion is excused. Under these circumstances, with a permit that is still being litigated, a plaintiff not alleging any injury, and alleged failures to disclose public records, exhaustion cannot be excused. Therefore, the matter will be dismissed.

The motions for extension of time and for stay of discovery are rendered moot by this Order.

It is hereby

**ORDERED** that Golden's Motion to Dismiss is **GRANTED**.