

**FILED**
March 05, 2021
ST-2019-CV-00582
**TAMARA CHARLES**
**CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
\*\*\*\*

| | |
|---|---|
| COWGIRL BEBOP, LLLP, | ) CASE NO. ST-2019-CV-00582 |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) ACTION FOR WRIT OF MANDAMUS AND |
| v. | ) SUIT FOR DAMAGES |
| | ) |
| JEAN-PIERRE L. ORIOL, | ) JURY TRIAL DEMANDED |
| COMMISSIONER OF THE | ) |
| DEPARTMENT OF PLANNING AND | ) |
| NATURAL RESOURCES, in his official | ) |
| Capacity, and THE COASTAL ZONE | ) |
| MANAGEMENT DIVISION | ) |
| | ) |
| Defendants. | ) |

Cite as: 2021 VI Super 28U

## <u>MEMORANDUM OPINION AND ORDER</u>

¶1    **THIS MATTER** is before the Court on the following:

1. Plaintiff's Motion For Judgment On The Pleadings ("Motion For Judgment"), filed February 27, 2020;

2. Plaintiff's Motion For Preliminary Injunction ("Motion For Injunction"), filed February 27, 2020;

3. Defendants' Motion To Dismiss For Failure To Exhaust Administrative Remedies ("Motion To Dismiss"), filed December 30, 2020;

4. Defendants' Memorandum In Support of Motion To Dismiss For Failure To Exhaust Administrative Remedies, filed December 30, 2020;

5. Defendants' Motion To Stay Proceeding Pending Resolution Of Motion To Dismiss ("Motion To Stay"), filed December 31, 2020;

6. Plaintiff's Response In Opposition To The Defendants' Motion To Dismiss ("Opposition To Motion To Dismiss"), filed January 20, 2021;

7. Plaintiff's Response In Opposition To The Defendants' Motion To Stay ("Opposition To Motion To Stay"), filed January 20, 2021;

8. Plaintiff's Motion For Immediate Ruling In Plaintiff's Favor On Plaintiff's Motion For Judgment On The Pleadings ("Motion For Ruling"), filed January 25, 2021;

9. Defendants' Reply In Support Of Motion To Dismiss For Failure To Exhaust Administrative Remedies ("Reply Motion To Dismiss"); filed February 3, 2021; and

10. Defendants' Reply In Support Of Motion To Stay Proceedings ("Reply Motion To Stay"), filed February 4, 2021.

¶2     For the reasons stated below, the minor permit was granted by an automatic application of law; the appropriate remedy is not a preliminary injunction, rather it is the writ of mandamus; dismissal or a stay of proceedings is not proper here;; and there was no improper regulatory taking in this case.

## I.     **INTRODUCTION**

¶3     Plaintiff Cowgirl Bebop, LLLP ("Plaintiff") initiated suit on October 16, 2019. At issue is a minor coastal zone permit Plaintiff claims it is due because the Coastal Zone Management Commission ("CZM") did not either issue or deny the permit in the period of time required by law.[1] Defendants Jean-Pierre L. Oriol, Commissioner of the Department of Planning and Natural Resources, in his official capacity, and CZM ("Defendants") filed their Answer and Affirmative Defenses on February 20, 2020.

¶4     On June 21, 2019, Plaintiff submitted their minor coastal zone permit application.[2] On September 13, 2019, Plaintiff gave notice to Defendants that if the permit was not issued Plaintiff would file suit within thirty (30) days.[3] On October 16, 2019, Plaintiff filed suit seeking a writ of mandamus, declaratory judgment, attorneys' fees, and damages for an improper regulatory taking.[4] On February 28, 2020, Defendants determined that Plaintiff's minor permit was insufficient, and Plaintiff would instead need to apply for a major permit.[5] Plaintiff then applied for a major permit on May 8, 2020.[6] The CZM denied this new permit application on September 24, 2020.[7] Plaintiff

---

[1] V.I. CODE ANN. tit. 12 §§ 910-914 govern the issuances of, requirements for, enforcement of, and appeals of coastal zone permits.

[2] Pl.'s Mot. For Inj. 1-2.

[3] Pl.'s Pet. For Writ Of Mandamus And Suit For Damages 3.

[4] Pl.'s Pet. For Writ Of Mandamus And Suit For Damages 3-5.

[5] Defs.' Mem. In Supp. Of Mot. To Dismiss For Failure To Exhaust Administrative Remedies 1-2.

[6] Defs.' Reply Mot. To Stay Ex. 2.

[7] Defs.' Reply Mot. To Stay Ex. 4.

appealed the denial of the major permit application on October 16, 2020.[8] On January 27, 2021, the Board of Land Use Appeals ("BLUA") issued a scheduling order whereby Plaintiff must file its brief by February 10, 2021; Defendants must respond by February 24, 2021; and Plaintiff must reply by March 1, 2021.[9]

¶5      In its Motion For Injunction, Plaintiff requests that the Court "enter a preliminary injunction requiring that the Commissioner issue the permit sought by the Plaintiff in the Permit Application."[10] Plaintiff in its Motion For Judgment requests the Court to issue a writ of mandamus "directing the Commissioner to issue the permit applied for in the Permit Application" as well as a ruling that Plaintiff "is entitled to a declaratory judgment that the Permit Application has been deemed approved by operation of law."[11]

¶6      In a status conference on December 1, 2020, the Court ordered the Defendants to respond to Plaintiff's Motion For Judgment and that Defendants had thirty (30) days to file their response.[12] The Defendants responded with their Motion To Dismiss instead. Defendants did not explicitly state which of the seven defenses by motion authorized under the Virgin Islands Rules of Civil Procedure they based their Motion To Dismiss on, although the title to their Motion To Dismiss features the phrase "failure to exhaust administrative remedies."[13] Further, Defendants state that "this Court should dismiss for lack of jurisdiction for Cowgirl's failure to exhaust administrative remedies."[14] In their Reply Motion To Dismiss, Defendants clarify they are indeed seeking action pursuant to V.I. R. Civ. P. 12(b)(1).[15] Defendants argue that "[a]ny applicant is entitled to appeal an adverse decision" and then argue that "Cowgirl must exhaust its appeal rights premised on the alleged action approving its minor application by default."[16] Defendants have also filed a concurrent motion requesting the Court to stay the proceeding pending the Court ruling on the Motion To Dismiss. The Court will address all the issues presented by the above-named motions as their resolution all revolve around the granting of the permit.

---

[8] Defs.' Reply Mot. To Stay Ex. 4.

[9] Defs.' Reply Mot. To Stay Ex. 5.

[10] Pl.'s Mot. For Inj. 9.

[11] Pl.'s Mot. For J. 9.

[12] The Court may, under its discretion, shorten or enlarge the time period to respond to motions. V.I. R. Civ. P. 6-1(f)(4). Due to the Covid-19 pandemic of 2020, the Court did so here. Defendants responded and this case is ready for adjudication.

[13] V.I. R. Civ. P. 12(b)(1)-(7) provide a range of grounds for dismissal.

[14] Defs.' Mot. To Dismiss 3.

[15] Defs.' Reply Mot. To Dismiss 2. V.I. R. Civ. P. 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion . . . lack of subject-matter jurisdiction . . . . A motion asserting any of these defenses - except lack of subject matter jurisdiction and as provided in subparts (g) and (h) of this rule - must be made before pleading if a responsive pleading is allowed.").

[16] Defs.' Mem. In Supp. Of Mot. To Dismiss For Failure To Exhaust Administrative Remedies 2-3 (internal quotations omitted).

*Cowgirl Bebop, LLLP v. Jean-Pierre L. Oriol, et al.*
Case No. ST-2019-CV-00582
Memorandum Opinion and Order
Page 4 of 21

2021 VI Super 28U

## II.   LEGAL STANDARD

### A.  12(b)(1) and Administrative Exhaustion

¶7     Rule 12(b)(1) motions that challenge a court's subject-matter jurisdiction "may be treated either as facial or factual. The Virgin Islands District Court has characterized this difference by saying that a facial challenge, 'attack[s] the complaint on its face,' while a factual challenge 'attack[s] the existence of subject matter jurisdiction in fact, quite apart from any pleadings.'"[17] The Third Circuit in *Virgin Islands Conservation Society v. Virgin Islands Board of Land Use Appeals*[18] affirmed the logic set forth in the Eight Circuit decision *Winter v. ICC*[19] that the same party may not "simultaneously seek both judicial and administrative review" and that a pending appeal renders an administrative decision not final.[20]

¶8     In the District Court case of *La Vallee Northside Civic Association v. Virgin Islands Coastal Zone Management Commission*,[21] the District Court dismissed the action for failure to exhaust administrative remedies because the appellants, residents who opposed a permit CZM had granted, had failed to appeal CZM's decision to the Board of Land Use Appeals ("BLUA").[22] The District Court further stated that "it is clear to us that the administrative appeals process is intended to be the means of review of actions taken by CZM with regard to the granting or denial of a permit."[23] Notably, the case involved an aggrieved party that was disputing the granting of a permit to another party.[24]

¶9     The case was appealed to the Third Circuit, where the Third Circuit, taking up several consolidated appeals, decided whether administrative exhaustion was appropriate.[25] While deciding that administrative exhaustion was appropriate in that case, the Third Circuit also recognized that while "[j]udicial forbearance shows a proper respect for administrative autonomy,

---

[17] *Hansen v. Gov. Juan F. Luis Hosp. & Med. Ctr.*, Case No. SX-15-CV-509, __V.I.__, 2018 V.I. LEXIS 87, at *4 (V.I. Super. Ct. June 22, 2018) (quoting *Weiss v. Maccaferri, Inc.*, Civil No. 14-46, 2016 U.S. Dist. LEXIS 50436, at *3 (D.V.I. Apr. 12, 2016)).

[18] 881 F.2d 28 (3d Cir. 1989).

[19] 851 F.2d 1056 (8th Cir. 1988).

[20] *V.I. Conservation Soc'y*, 881 F.2d at 34.

[21] 23 V.I. 406 (D.V.I. 1988).

[22] *Id.* at 412 ("However, bypassing the appeals process is not justified where the rule of law requires that procedures be maintained.").

[23] *Id.* at 410.

[24] *Id.* ("There is no doubt that because the plaintiffs testified at the hearing they are 'aggrieved persons' capable of maintaining an appeal of CZM's decision to the Board and thereafter, if unsuccessful, a petition for a writ of review in this Court. Moreover, they are certainly persons capable of maintaining an action for declaratory relief pursuant to 913(b)(1).").

[25] *La Vallee Northside Civic Ass'n v. V.I. Coastal Zone Mgmt. Comm'n*, 866 F.2d 616, 618 (3d Cir. 1988) ("In these consolidated appeals we decide that the district court properly required residents opposing the issuance of a Virgin Islands Coastal Zone Management Act permit to exhaust administrative remedies before petitioning for judicial relief. Consequently, in that first case we will affirm the order of the district court.").

allowing the agency to function more efficiently and responsibly . . . there are occasions for pragmatic exceptions designed to promote efficiency."[26] These exceptions include "when the challenged agency action constitutes a clear and unambiguous violation of statutory or constitutional rights, when reliance on administrative procedures is clearly and demonstrably inadequate to prevent irreparable injury, and when exhaustion is futile."[27]

¶10    Lastly, the Virgin Islands Supreme Court case *Virgin Islands Conservation Society v. Golden Resorts, LLLP*[28] involved an outside conservation group challenging a permit granted to a resort.[29] The resort had been granted a permit by default, which CZM recognized and then later rescinded.[30] The resort appealed this recission which was then affirmed by BLUA.[31] The Court held there can be no administrative exhaustion when there is nothing for the administrative agency to do:

> We hold that the Superior Court should not have declined to exercise jurisdiction pursuant to section 913(b)(1) under either the rule requiring exhaustion of administrative remedies or the primary jurisdiction doctrine. As a threshold matter, while the CZMA provides for the BLUA to hear appeals of CZM Committee decisions, there is no administrative agency that possesses jurisdiction to review BLUA decisions. Thus, since "'[e]xhaustion' applies where a claim is cognizable in the first instance by an administrative agency alone," the Superior Court erred in holding that VICS had failed to exhaust its administrative remedies, since there remained nothing for any administrative agency to do at this point.[32]

### B. Equitable Remedies

### 1. Preliminary Injunction

¶11    Black's Law Dictionary defines a preliminary injunction as "[a] temporary injunction issued before or during trial to prevent an irreparable injury from occurring before the court has a chance to decide the case. A preliminary injunction will be issued only after the defendant receives notice and an opportunity to be heard."[33] Black's Law Dictionary defines enjoin as: "1. To legally prohibit or restrain by injunction <the company was enjoined from selling its stock>. 2. To

---

[26] *Id.* at 620.

[27] *Id.* at 620-21.

[28] 55 V.I. 613 (V.I. 2011).

[29] The Court notes that the resort in question is the same resort as is in the following string of cases mentioned below: *V.I. Conservation Soc'y, Inc. v. V.I. Bd. of Land Use Appeals*, Civil No. 83/2005, 2006 V.I. LEXIS 35 (V.I. Super. Ct. May 25, 2006) (unpublished), *aff'd, V.I. Conservation Soc'y, Inc. v. V.I. Bd. of Land Use Appeals*, 49 V.I. 581 (D.V.I. 2007), *reaff'd, V.I. Conservation Soc'y, Inc. v. V.I. Bd. of Land Use Appeals*, 72 V.I. 1141 (D.V.I. 2020).

[30] *Golden Resorts, LLLP*, 55 V.I. at 615-16.

[31] *Id.* at 616.

[32] *Id.* (citations omitted) (quoting *United States v. Western Pacific R. Co.*, 352 U.S. 59, 64 (1956)).

[33] *Injunction*, BLACK'S LAW DICTIONARY (11th ed. 2019).

prescribe, mandate, or strongly encourage <the graduating class was enjoined to uphold the highest professional standards>."[34]

¶12     Preliminary injunctions are initially governed by Virgin Island Rule of Civil Procedure 65(a),[35] however subsection (e) of Rule 65 states: "Nothing in this Rule shall supersede the provisions of any statute of the Virgin Islands relating to injunctions."[36] Under the Coastal Zone Permit statute, "[a]ny person may maintain an action for declaratory and equitable relief to restrain any violation" of the coastal zone management laws.[37] A preliminary injunction is equitable relief and thus the statutory provisions of § 913(b) supersede Rule 65. The statute establishes that there only need be "a prima facie showing of a violation of this chapter" for preliminary equitable relief to be issued so as to restrain a violation of the statutory provisions.[38] Further, the statute provides that "[n]o bond shall be required for an action under this subsection."[39]

¶13     Many preliminary injunction cases involve a third party seeking a preliminary injunction along with a temporary restraining order to stop the issuance of a permit granted to a group by CZM or to stop further subsequent action by a group that received permit. For example, in *Virgin Islands Conservation Society v. Golden Resorts, LLLP*,[40] the Virgin Islands Conservation Society sought to enjoin a resort company which had been granted a coastal zone permit by default from proceeding with construction because the resort let the permit lapse.[41] In another case, *Traxco, Inc. v. Gov't of the V.I.*,[42] a corporation in the Virgin Islands which operated a casino, sought a preliminary injunction and temporary restraining order enjoining the issuance of a permit, or in the alternative the extension or modification of a permit, to another company, a resort which intended to also operate a casino.[43]

---

[34] *Enjoin*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[35] V.I. R. CIV. P. 65(a)(1) specifies that "[t]he court may issue a preliminary injunction only on notice to the adverse party." V.I. R. CIV. P. 65(a)(2) declares that:

> Before or after beginning a hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

[36] V.I. R. CIV. P. 65(e).

[37] 12 V.I.C. § 913(b)(1).

[38] 12 V.I.C. § 913(b)(1).

[39] 12 V.I.C. § 913(b)(1).

[40] 55 V.I. 613 (V.I. 2011).

[41] *Id.* at 618; *id.* at 621 ("Here, VICS alleged in its motion for injunctive relief that even if Golden initially had a valid permit, Golden violated the terms of both that permit and the CZMA by failing to commence construction within twelve months without being granted an extension before that permit expired.").

[42] 49 V.I. 240 (V.I. Super. Ct. 2008).

[43] *Id.* at 242, 245.

*Cowgirl Bebop, LLLP v. Jean-Pierre L. Oriol, et al.*
Case No. ST-2019-CV-00582
Memorandum Opinion and Order
Page 7 of 21

2021 VI Super 28U

## 2. Writ of Mandamus

¶14    Black's Law Dictionary defines the writ of mandamus as "[a] writ issued by a court to compel performance of a particular act by a lower court or a governmental officer or body, [usually] to correct a prior action or failure to act."[44] The statutory provisions of title 12, § 913 of the Virgin Islands Code state that "[a]ny person may maintain an action to compel the performance of the duties specifically imposed upon the Commission or the Commissioner of any public agency by this chapter."[45] Section 913(b)(2) also waives the imposition of a bond as well as establishes a thirty (30) day notice period in which the complainant must specify to the Commission, Commissioner, or other such public agency "the duties which the complainant alleges have not been performed."[46]

¶15    Further, § 913(a) provides that "[t]he provisions of this section shall be cumulative and not exclusive and shall be in addition to any other remedies available at law or equity."[47] The writ of mandamus is an equitable action to compel a government officer or body to act. Mandamus has long been considered an inherent equitable power of common law courts.[48]

¶16    The United States Supreme Court in *Cheney v. United States District Court*,[49] expounded on the three conditions that must be met before a writ may be issued:

> As the writ is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue. First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires,—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise

---

[44] *Mandamus*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[45] 12 V.I.C. § 913(b)(2).

[46] 12 V.I.C. § 913(b)(2) states:

> Any person may maintain an action to compel the performance of the duties specifically imposed upon the Commission or the Commissioner of any public agency by this chapter; provided, however, that no such action shall be brought prior to thirty days after written notice has been given to the Commission, its Committees, the Commissioner, or such public agency by the complainant specifying the duties which the complainant alleges have not been performed. No bond shall be required for an action under this subsection.

[47] 12 V.I.C. § 913(a).

[48] *See United States v. Lawrence*, 3 U.S. 42 (taking for granted the power to issue mandamus, although denying it in the case); *see also Marbury v. Madison*, 5 U.S. 137, 169 ("In addition to the authorities now particularly cited, many others were relied on at the bar, which show how far the practice [of mandamus] has conformed to the general doctrines that have been just quoted."); *Mandamus*, BLACK'S LAW DICTIONARY (11th ed. 2019) (quoting James L. High, *A Treatise on Extraordinary Legal Remedies* § 2, at 5–6 (1884)) ("The writ of mandamus is of very ancient origin, so ancient indeed that its early history is involved in obscurity, and has been the cause of much curious research and of many conflicting opinions.").

[49] 542 U.S. 367 (2004).

of its discretion, must be satisfied that the writ is appropriate under the circumstances.[50]

¶17    In the Virgin Islands, courts have recognized the following three elements for a writ of mandamus to be appropriate: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available."[51] The seldom-used writ of mandamus is a "drastic remedy and its use is discouraged."[52] In the Virgin Islands, "[w]here there are practical avenues for seeking relief that are untried, this Court will ordinarily deny a petition for mandamus."[53] However, there is no requirement for a "futile exhaustion of remedies."[54]

### C. Coastal Zone Permit Issuance

¶18    At issue in this case is the automatic grant of a minor permit under title 12, § 910 of the Virgin Islands Code, also known as the "CZM Act." Section 910(d)(1) states in relevant part:

> Upon submission of any application for a coastal zone permit, which application shall specify the type of permit being sought, the Commissioner shall determine whether such application is complete. If the Commissioner determines that such application is not complete, he shall promptly notify, in no event more than 15 days after receipt thereof, the applicant of the deficiencies in such application.[55]

¶19    Section 910(d)(3) states "[u]pon receipt of an application for a minor coastal zone permit which is deemed complete by the Commissioner, the Commissioner shall promptly give written notice of the filing of such application to any person who requests such notification in writing."[56] Section 910(d)(4) states:

> [T]he Commissioner shall act upon a minor coastal zone permit application within sixty days after receipt thereof. Failure of the appropriate Committee of the Commission or the Commissioner to act within any time limit specified in this paragraph shall constitute an action taken and shall be deemed an approval of any such application.[57]

---

[50] *Id.* at 380-81 (citations and quotations omitted).

[51] *Richardson v. V.I. Housing Auth.*, 18 V.I. 351, 356 (D.V.I. 1981) (citing *Billiteri v. United States Bd. of Parole*, 541 F.2d 938 (2d Cir. 1976)); *see also O'Reilly v. Board of Elections*, 61 V.I. 118, 126 (V.I. Super. Ct. 2014) (citing the same three elements).

[52] *In re George*, 2020 VI 19 ¶7 (citing *Kerr v. U.S Dist. Court*, 426 U.S. 394, 402 (1976); *Lusardi v. Lechner*, 855 F.2d 1062, 1069 (3d Cir. 1988)).

[53] *In re Le Blanc*, 49 V.I. 508, 517 (V.I. 2008) (quoting *In re Patenaude*, 210 F.3d 135, 141 (3d Cir. 2000)).

[54] *In re George*, ¶8 (citing *Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 461-62 (3d Cir. 1996)).

[55] 12 V.I.C. § 910(d)(1).

[56] 12 V.I.C. § 910(d)(3).

[57] 12 V.I.C. § 910(d)(4).

*Cowgirl Bebop, LLLP v. Jean-Pierre L. Oriol, et al.*
Case No. ST-2019-CV-00582
Memorandum Opinion and Order
Page 9 of 21

2021 VI Super 28U

¶20    Particularly on point is *Virgin Islands Conservation Society, Inc. v. Virgin Islands Board of Land Use Appeals.*[58] In this unpublished case, later affirmed by the District Court of the Virgin Islands, a resort company filed for a coastal permit on September 5, 2003.[59] On September 23, 2003, CZM notified the resort as to deficiencies in its application and provided them with ninety (90) days to correct them.[60] The resort responded on November 3, 2003.[61] CZM held a public hearing on January 8, 2004, and a decisional meeting was repeatedly postponed until May 26, 2004, where CZM conceded a permit had been granted by default.[62] Later, CZM then sought to rescind its grant of the permit.[63] The Court held that the "Commission had no discretion to reopen the proceedings, as the grant of the permit by operation of law was the penalty for the Commission's inability to reach a decision within the statutorily mandated time period."[64]

¶21    Highly relevant is also the District Court's ruling in *Virgin Islands Conservation Society, Inc. v. Virgin Islands Board of Land Use Appeals.*[65] Affirming the Superior Court, the District Court stated:

> The facts and the CZMA's procedural rules, as written, mandate our affirmation of the Superior Court's decision. It is uncontroverted in this litigation that the Committee failed to act on Golden's application within thirty days of the hearing. It is unescapable that the Committee failed to reduce its decision to writing or approve the application. Finally, the statute's requirements are self-evident; when the Committee fails to act on an application within thirty days of the public hearing, the pending application must be approved.[66]

¶22    Title 12, § 914 of the Virgin Islands Code provides that a decision by CZM can be appealed to BLUA, which has sixty (60) days from the filing to hold a public hearing and a decision shall be rendered by the board within thirty (30) days of this hearing.[67] The Virgin Islands Rules and Regulations governing BLUA direct that "[t]o assure fairness to all aggrieved persons or

---

[58] Civil No. 83/2005, 2006 V.I. LEXIS 35 (V.I. Super. Ct. May 25, 2006) (unpublished), *aff'd, V.I. Conservation Soc'y, Inc. v. V.I. Bd. of Land Use Appeals*, 49 V.I. 581 (D.V.I. 2007).

[59] *Id.* at *1.

[60] *Id.* at *2.

[61] *Id.*

[62] *Id.* at *3-6.

[63] *Id.* at *6.

[64] *Id.* at *18.

[65] 49 V.I. 581 (D.V.I. 2007), *aff'd, V.I. Conservation Soc'y, Inc. v. V.I. Board of Land Use Appeals*, 72 V.I. 1141 (D.V.I. 2020).

[66] *Id.* at 594.

[67] 12 V.I.C. § 914(a) ("Notwithstanding any provision of law to the contrary, any aggrieved person may file an appeal of an action by the Commission, its Committees, or the Commissioner taken pursuant to section 910 or 911 of this chapter within forty-five days thereof with the Board of Land Use Appeals, and such appeal shall be governed solely by the provisions of this section."); 12 V.I.C. § 914(c) ("A public hearing on an appeal shall be held by the Board within sixty days after the appeal is filed with the Board, and a decision shall be rendered by the Board within thirty days after the conclusion of such public hearing.").

applicants, the time provision of 12 V.I.C. § 914 shall be construed by the Board as directory rather than as mandatory."[68]

¶23    The Rules and Regulations also provide that "[a]ny applicant or aggrieved person alleging a legal wrong because of a decision-below or adversely affected by the decision-below on matters within the statute is entitled to appeal that decision."[69] The Rules and Regulations further state that "[a]ll decisions of the Board shall be based on the record of the proceedings below"[70] and the record is defined as "the original papers and exhibits filed in the proceeding-below and the transcript in the proceeding-below[.]"[71] Lastly, by statute "[a]ny person may maintain an action for declaratory and equitable relief to restrain any violation" of the coastal zone management laws.[72]

### D. Declaratory Judgment

¶24    Rule 57 of the Virgin Islands Code of Civil Procedure[73] and title 5, §§ 1261-1272 of the Virgin Islands Code govern declaratory judgments. Section 1261 proscribes the scope:

> Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.[74]

¶25    Section 1270 instructs the Court to liberally construe and administer requests for declaratory judgment.[75] The Court may only enter declaratory judgment where there is a justiciable controversy related to definitive, concrete facts which touch upon the legal relations between parties whose legal interests are adverse.[76] Lastly, the Court is limited to entering declaratory

---

[68] 12 V.I. R. & REGS. § 914-5.

[69] 12 V.I. R. & REGS. § 914-4.

[70] 12 V.I. R. & REGS. § 914-11.

[71] 12 V.I. R. & REGS. § 914-6.

[72] 12 V.I.C. § 913(b)(1).

[73] V.I. R. CIV. P. 57 merely provides a cross-reference to the sections of the Virgin Islands Code that govern declaratory judgment:

> These rules govern the procedure for obtaining a declaratory judgment under Title 5, Chapter 89 of the Virgin Islands Code. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action.

[74] 5 V.I.C. § 1261.

[75] 5 V.I.C. § 1270 ("This chapter is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered.").

[76] *Hotel on the Cay Time-Share Ass'n v. Gould*, 2019 VI Super 55U ¶7 (citing *Pavel v. Estates of Judith's Fancy Owners' Ass'n*, Case No. SX-17-CV-260, __ V.I.__, 2018 V.I. LEXIS 9, at *5 (V.I. Super. Jan. 29, 2018); *Bd. of Dirs.*

judgments to legal matters where rendering a judgment "will terminate the controversy or remove an uncertainty."[77]

### E. Improper Regulatory Taking

¶26    The Fifth Amendment of the United States Constitution provides that: "nor shall private property be taken for public use, without just compensation."[78] The Virgin Islands Bill of Rights states that "[p]rivate property shall not be taken for public use except upon payment of just compensation ascertained in the manner provided by law."[79] Black's Law Dictionary defines a regulatory taking as "[a] taking of property under the Fifth Amendment by way of regulation that seriously restricts a property owner's rights."[80]

¶27    According to the United States Supreme Court, "[t]he general rule at least is that while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking."[81] Factors to consider include to what degree did the regulation diminish a plaintiff's use, possession, or enjoyment of property, what public purpose is served and whether it is justified as a protection for personal safety or public health, and finally the "greatest weight is given to the judgment of the legislature."[82]

¶28    Regulatory takings claims have rarely arisen in Virgin Islands courts or in Third Circuit cases with respect to the Virgin Islands. However, a few cases have addressed the issue. In *Esso Virgin Islands, Inc. v. Gov't of the V.I.*,[83] the District Court of the Virgin Islands stated that in evaluating a Fifth Amendment takings claim, courts should first consider whether the plaintiff "had identified a property interest cognizable under the Fifth Amendment" and then "whether the governmental action in question constitutes a taking of that property interest."[84] In *Barclay Associates, Inc. v. IRS*,[85] the District Court expounded that a regulatory taking is when a government regulation is so burdensome it results in fundamentally a direct appropriation or ouster.[86] This may occur when the government forces a property owner to "suffer a permanent physical invasion" of his or her property or when an owner loses "*all* economically beneficial use" of the property.[87]

---

*of Shibui Condo. Ass'n v. Darian Solutions*, Case No. ST-2013-CV-395, __ V.I. __, 2015 V.I. LEXIS 100, at *12 (V.I. Super. Ct. Aug. 31, 2015)).

[77] *Hotel on the Cay Time-Share Ass'n*, ¶7.

[78] U.S. CONST. amend. V.

[79] 48 USCS § 1561.

[80] *Regulatory Taking*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[81] *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922).

[82] *Id.* at 412-14.

[83] *Esso V.I., Inc. v. Gov't of the V.I.*, 49 V.I. 1105 (D.V.I. 2008), *vacated, Esso V.I., Inc. v. Gov't of the United States V.I.*, Civil No. 2004-175, 2008 U.S. Dist. LEXIS 68167 (D.V.I. Sept. 9, 2008).

[84] *Id.* at 1117 (citing *M & J Coal Co. v. United States*, 47 F.3d 1148, 1154 (Fed. Cir. 1995)).

[85] Civil No.: 2010-140, 2012 U.S. Dist. LEXIS 45373 (D.V.I. Mar. 31, 2012), *claim dismissed, Barclay Assocs. v. IRS*, Civil No.: 2010-140, 2013 U.S. Dist. LEXIS 108323 (D.V.I. Aug. 1, 2013).

[86] *Id.* at *33 (citing *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005)).

[87] *Id.* at *33-34 (quoting *Lingle*, 544 U.S. at 538).

¶29    While Virgin Islands courts have considered regulatory takings in other contexts,[88] the United States Supreme Court case of *United States v. Riverside Bayview Homes, Inc.*[89] considered whether the denial of a land-use permit in the context of private property might constitute a taking. The Supreme Court first recognized that "the application of land-use regulations to a particular piece of property is a taking only 'if the ordinance does not substantially advance legitimate state interests . . . or denies an owner economically viable use of his land.'"[90] The United States Supreme Court further stated:

> A requirement that a person obtain a permit before engaging in a certain use of his or her property does not itself "take" the property in any sense: after all, the very existence of a permit system implies that permission may be granted, leaving the landowner free to use the property as desired. Moreover, even if the permit is denied, there may be other viable uses available to the owner. Only when a permit is denied and the effect of the denial is to prevent "economically viable" use of the land in question can it be said that a taking has occurred.[91]

## III.    ANALYSIS

### A. The case does not warrant dismissal under a theory of administrative exhaustion and Plaintiff's permit must be granted

¶30    Defendants assert that *La Vallee Northside Civic Ass'n* controls here because that case asserts that complainants must appeal to BLUA before seeking action in court.[92] This case stands in contrast to *La Vallee Northside Civic Ass'n*. In the instant matter, Defendants/CZM did not affirmatively grant a permit at all. It is CZM maneuvering to stop a permit granted not by it, but by an operation of law. Further, in *La Vallee* the complaining party that did not appeal to BLUA was an outside group challenging the grant of the permit to another party. Lastly, the permit which is under review by BLUA is a major permit Plaintiff later applied for while this case was pending, not the minor permit Plaintiff originally sued for. Plaintiff here is not a third-party seeking review of a permit granted to another party by CZM – Plaintiff is the permit holder themselves seeking deliverance of the permit, not trying to overturn it.

¶31    Further, even assuming *arguendo* Plaintiff needed to appeal, at the initiation of this suit Plaintiff could not appeal to BLUA because there was no decision to appeal. The permit was simply granted as a matter of law so there is *no* decision from which Plaintiff could appeal, nor

---

[88] *See, e.g., United Steel Paper & Forestry Rubber Mfg. Allied Indus. & Serv. Workers Int'l Union Afl-Cio- Clc v. Gov't of the V.I.*, 66 V.I. 631 (D.V.I. 2012) (wage reduction is not a regulatory taking) *rev'd and remanded on other grounds, United Steel Paper & Forestry Rubber Mfg. Allied Indus. & Serv. Workers Int'l Union Afl-Cio- Clc v. Gov't of the V.I.*, 65 V.I. 468 (3d Cir. Nov. 15, 2016); *Elmes v. Comm'r of Internal Revenue*, Civil No. 2011-106, 2012 U.S. Dist. LEXIS 139414 (D.V.I. Sept. 27, 2012) (taxes are not a regulatory taking), *claim dismissed, Elmes v. Comm'r of Internal Revenue*, Civil No. 2011-106, 2013 U.S. Dist. LEXIS 183006 (D.V.I. May 6, 2013).
[89] 474 U.S. 121 (1985).
[90] *Id.* at 126 (quoting *Agins v. Tiburon*, 447 U.S. 255, 260 (1980)).
[91] *Id.* at 127.
[92] Defs.' Reply Mot. To Dismiss 4.

would Plaintiff want to.[93] The BLUA Rules and Regulations regarding appeal, with their references to the "proceeding-below,"[94] "transcript in the proceeding below,"[95] and "decision-below"[96] clearly envision that there actually was a proceeding and decision from which a party is appealing from. BLUA must base its ruling on a record – without this how is it to rule? Defendants' argument would cast Plaintiff's permit into Limbo from where it could never be enforced.

¶32     In its filing Defendants apparently concede that the permit is granted but argue that Court intervention is inappropriate because Plaintiff must exhaust its remedies and appeal the grant.[97] Just as in the Virgin Islands Supreme Court case of *Golden Resorts, LLLP*, there can be no administrative exhaustion because there is nothing for Plaintiff's to seek administrative review of. Defendants argue on the one hand that an applicant must appeal an adverse decision but then recognize that the permit was approved by default - such an automatic result is not "adverse" at all to Plaintiff. Defendants provide no argument as to why someone who has applied for a permit and had it granted would want to appeal that grant and the Court strains to see why someone who has achieved what he or she sought would spend money and time trying to get it taken away from themselves. Indeed, Plaintiff has filed the instant suit in an attempt to enforce its right to what it sought - the granted permit.

¶33     Instead of issuing a decision within the framework provided, the CZM instead belatedly issued a letter notifying Plaintiff that the type of permit Plaintiff sought was incorrect – Plaintiff would need to file for a major instead of a minor permit.[98] The reason was that pursuant to title 12, § 910(c) of the Virgin Islands Code,[99] "[Plaintiff's] structure is estimated to be valued more than $75,000."[100] Notably, this was after Plaintiff filed suit. While this suit was pending, Plaintiff applied for a major permit, presumably to cover all bases. This permit was then denied, that denial was appealed, and Defendants now seek to use the pending nature of the appeal of the major permit's denial to stop issuance of the minor permit. However, the minor permit and the major permit, while covering the same matter, are two separate permits.

¶34     Title 12, § 910(d)(1) of the Virgin Islands Code plainly gives the Commissioner fifteen (15) days to notify applicants if an application is incomplete.[101] Here, the incompleteness of the application – that it was the wrong class of permit, was based off a clear monetary valuation. Defendants offer no explanation for why this valuation was not self-evident or identifiable within fifteen (15) days. Moreover, this reasoning was not communicated until two hundred fifty-two (252) days later, well past the fifteen (15) days required and, dubiously, after suit was initiated. By

---

[93] Pl.'s Resp. In Opp'n To Defs.' Mot. To Dismiss 7 ("*Second*, why would one appeal to the Board when an applicant has by operation of law been given the very relief that he seeks?").

[94] 12 V.I. R. & REGS. § 914-4.

[95] 12 V.I. R. & REGS. § 914-6.

[96] 12 V.I. R. & REGS. § 914-11.

[97] Defs.' Mem. In Supp. Of Mot. To Dismiss For Failure To Exhaust Administrative Remedies 3.

[98] Defs.' Reply Mot. To Stay Ex. 1.

[99] 12 V.I.C. 910(c) provides the standards for whether an applicant should apply for a minor or major permit.

[100] Defs.' Reply Mot. To Stay Ex. 1.

[101] 12 V.I.C. 910(d)(1).

then, the permit had already been functionally granted by law. To permit Defendants to use the appeal of the separate, major permit, which Plaintiff's filed out of diligence while this suit was pending, to deny Plaintiff's right to the minor permit already-granted by law, would render meaningless the entire temporal framework established by the Legislature to ensure CMZ and the Commissioner promptly conduct reviews. It would sanction the sluggish administrative action that framework is meant to prevent. Further, it would condone violations of clearly granted statutory rights.

¶35     While the 1988 *La Vallee* cases in the Third Circuit and District Court stand for the principle that a party may not simultaneously seek both administrative and judicial remedies, the Court notes that the instant case was filed long before Defendants ever issued any decision and after the time period in which Defendants were statutorily mandated to act. While it is true Plaintiff is seeking an administrative appeal on a separate, major permit that covers the same subject matter, it would be inequitable now to dismiss the case merely because Plaintiff pursued all possible avenues for relief while this case was pending – particularly in the instant case where the underlying denial was extremely untimely and the Court had already begun to exercise its jurisdiction over the matter. Lastly, it would be a gross waste of the time and resources already spent by the Court and parties – only to have the case arise again in the future and consume more time and resources.

¶36     This case is similar to the *Virgin Islands Conservation Society, Inc. v. Virgin Islands Board of Land Use Appeals* cases outlined above,[102] in that the permit in question was granted by operation of law based on CZM's delay. Notably in those cases, CZM *did* timely notify the applicant about deficiencies and *did*, at first, try to comply with the timetable outlined in the statute.[103] Here, the situation is even more egregious: Defendants were even more laggard in their administrative duties as notification to Plaintiff that it would need to apply for a major instead of a minor permit did not occur until more than eight months later. Lastly, more recent and binding precedent from the Virgin Islands Supreme Court cautions against denial based on administrative exhaustion when there is no further review feasible.[104] While the major permit application is currently undergoing review by the BLUA, the minor permit is granted by default without a record – no appeal to a higher administrative agency is necessary or possible.

¶37     The statute is clear: upon receipt of an application the Commissioner has fifteen (15) days to notify the applicant of a deficiency.[105] It is not contested that the Commissioner did not notify the applicant of a deficiency within that period. Further, the statute plainly states that if after sixty

---

[102] *V.I. Conservation Soc'y, Inc. v. V.I. Bd. of Land Use Appeals*, Civil No. 83/2005, 2006 V.I. LEXIS 35 (V.I. Super. Ct. May 25, 2006) (unpublished), *aff'd*, *V.I. Conservation Soc'y, Inc. v. V.I. Bd. of Land Use Appeals*, 49 V.I. 581 (D.V.I. 2007), *reaff'd*, *V.I. Conservation Soc'y, Inc. v. V.I. Bd. of Land Use Appeals*, 72 V.I. 1141 (D.V.I. 2020).
[103] 2006 V.I. LEXIS 35, at *1-10; 49 V.I. at 584-87; 72 V.I. at 1144-47.
[104] *V.I. Conservation Soc'y v. Golden Resorts, LLLP*, 55 V.I. 613, 616 (V.I. 2011) ("[T]he Superior Court erred in holding that VICS had failed to exhaust its administrative remedies, since there remained nothing for any administrative agency to do at this point.").
[105] 12 V.I.C. § 910(d)(1).

(60) days no action is taken, the permit will be deemed to be approved.[106] Plaintiff submitted its application to Defendants June 21, 2019. Defendants did not issue a decision until February 28, 2020. To permit Defendants, months after the automatic grant of the permit, to suddenly issue a decision to the contrary, forcing Plaintiff to subsequently reapply and then exercise its right to appeal to the BLUA after this Court has gained jurisdiction over the matter and then using that appeal to procedurally bar Plaintiff from relief in Court not only runs clearly counter to the spirit and purpose of the law, but it would also establish an inequitable precedent for the future. The legislative mandate to CZM is clear: act speedily in deciding permits or have time decide for you.

¶38 Even assuming that because the major permit may be granted by the BLUA, possibly rendering the instant case moot, as Defendants argue in their Reply Motion To Dismiss,[107] the principles of judicial forbearance pending agency review are not applicable here. Generally, the Court refrains from exercising jurisdiction pending review of an administrative action. In *La Vallee*, the court expressed concern that judicial review of permits pending administrative review would "render the Board useless" and "displace the Board's function as an expert appellate panel in this area, and would unduly clog this Court with premature challenges of essentially administrative rulings."[108]

¶39 Those concerns are not applicable here. BLUA would still have its function as an appellate review agency when someone's permit has been denied or when a third party seeks to challenge the granting of a permit. Cases of automatic grants and parties seeking to enforce those grants hopefully remain rare. There is also no need here for an "expert review" of complex administrative procedures or the kind of ecological or societal concerns CZM and BLUA consider when issuing permits. There is simply a straightforward application of a statutory time frame. The Court would not be unduly clogged by premature challenges to administrative rulings since there is no administrative ruling here, just the enforcement of Plaintiff's statutorily granted right. Plaintiff is not seeking to reverse a denial, rather Plaintiff is seeking to enforce what it is already due. Further, to allow dismissal premised on Defendants' dilatory decision-making would render the entire administrative time structure as clearly codified by the Legislature moot.

¶40 It is true BLUA could have granted the major permit, functionally rendering the case here moot as concerns Plaintiff's business plans, but that is not a concern as the Court now grants the permit. It is possible BLUA affirms the denial of the major permit, but that is also not of concern to the Court as the major permit applied for in 2020 is a different permit than the one before the Court. Nor is it the Court's providence to assess whether the permit *should* or *should not* be granted as concerns CZM's and BLUA's guidelines for such matters. The Court's charge is simply to apply the law as stated and vitiate the rights denied to a party. Lastly, as the Third Circuit stated in *La*

---

[106] 12 V.I.C. § 910(d)(4).
[107] Defs.' Reply Mot. To Dismiss 1-5.
[108] *LaVellee Northside Civic Ass'n v. V.I. Coastal Zone Mgmt. Comm'n*, 23 V.I. 406, 411 (D.V.I. 1988).

*Cowgirl Bebop, LLLP v. Jean-Pierre L. Oriol, et al.*
Case No. ST-2019-CV-00582
Memorandum Opinion and Order
Page 16 of 21

2021 VI Super 28U

*Vallee Northside Civic Ass'n*, when there is a clear and unambiguous violation of a statutory right, an exception to the principle of judicial forbearance pending agency review is warranted.[109]

¶41    Finally, in issuing its decision, the Court belabors that it is not opining on the merits of the requested permit and that it is merely applying the law as set by the Legislature. The Court echoes the ratiocination of the Virgin Islands District Court iterated below:

> Put plainly, under the Act's present state, a major coastal zone permit could feasibly be issued by default although the Committee finds that the proposed development would pollute the environment, worsen social conditions and disenfranchise the surrounding community. This result is woefully inconsistent with the spirit and purpose of the CZM Act. In our opinion, the permit by default provision at 12 V.I.C. § 910(d)(4) (2004), without more, is a glaring statutory flaw that is amplified by the issue at bar. In sum, as we underscored when we first addressed this appeal, the permit by default clause creates the potential for the abdication of the CZM's role. That potential was realized here. We cannot highlight or reiterate this enough.
>
> Nonetheless, it is a time-honored, central and fundamental tenet of our jurisprudence that the role of the judiciary is limited to "say[ing] what the law is." As loathe as we are to endorse a permit that the CZM Committee recommended be denied, we are firmly bound by the explicit and unambiguous letter of the law.[110]

### B. The correct remedy is the writ of mandamus

¶42    Having established that Plaintiff's permit is granted by an automatic application of law, the next question is which theory of equitable relief that Plaintiff asserts, preliminary injunction or writ of mandamus, is the appropriate remedy? The theories so considered below, the correct remedy is the writ of mandamus.

### 1. Preliminary Injunction

¶43    The ultimate relief sought in the pending motions is the same – an order that the Commissioner issue the permit. Plaintiff proceeds under two subsections of the act under two forms of equitable remedies for the same relief. Under statutory rules of construction:

> Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language. Technical words and phrases, and such others as may have acquired a peculiar

---

[109] *La Vallee Northside Civic Ass'n v. V.I. Coastal Zone Mgmt. Comm'n*, 866 F.2d 616, 620 (3d Cir. 1988).
[110] *V.I. Conservation Soc'y, Inc. v. V.I. Bd. of Land Use Appeals*, 72 V.I. 1141, 1151-52 (D.V.I. 2020) (citations omitted).

and appropriate meaning in the law, shall be construed and understood according to their peculiar and appropriate meaning.[111]

¶44     This statutory mandate echoes what has long been Justice Frankfurter's oft-cited charge to courts: "Though it has its own preoccupations and its own mysteries, and above all its own jargon, judicial construction ought not to be torn from its wider, nonlegal context."[112] In addition to this charge, Virgin Islands courts must interpret statutes so as not to render them redundant or wholly unnecessary. In the case of *In re L.O.F.*,[113] the Supreme Court of the Virgin Islands stated that "[i]n analyzing a statutory scheme, we must give effect to every provision, making sure to avoid interpreting any provision in a manner that would render it — or another provision — 'wholly superfluous and without an independent meaning or function of its own.'"[114]

¶45     The plain language of the word injunction suggests that its purpose is to prevent an action.[115] As it is true an injunction can also compel performance, the Court will analyze the statutory provisions using the rules of statutory construction outlined above. Section 913(b)(1) explicitly uses the word "restrain."[116] The context in which preliminary injunctions arise is usually one where a party is seeking to stop another party from doing something.[117] While conceptually, one could consider an "injunction on inaction" to be a mandate to action, doing so would render supernumerary § 913(b)(2), which allows someone to "compel the performance" of duties, and would render the equitable remedies of mandamus and injunction essentially the same and wholly superfluous.[118] The redundancy in Plaintiff's request is belied by the fact Plaintiff requests the same relief in both motions. Accordingly, Plaintiff's argument for a preliminary injunction fails basic premises of statutory construction, is illogical, and will accordingly be denied.

## 2. Writ of Mandamus

¶46     The conditions outlined in *Cheney* and the elements adopted by Virgin Islands courts are largely the same. The first condition of *Cheney* and the third element that the Virgin Islands courts have adopted, that the party has no other means to attain the relief or that no other adequate remedy is available, has been met here. As explained, Plaintiff's permit has been granted automatically by a function of law but has not been issued. Only the Commissioner may issue the grant and only the Court may direct a government official derelict in his duties to perform. Further, there is nothing for Plaintiff to appeal in the case of the minor permit so any other avenue would be futile;

---

[111] 1 V.I.C. § 42.

[112] Felix Frankfurter, *Some Reflections On The Reading Of Statutes*, 47 COLUM. L. REV. 527, 528 (1947).

[113] 62 V.I. 655 (V.I. 2014).

[114] *Id.* at 661.

[115] *Injunction*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("A temporary injunction issued before or during trial to *prevent* an irreparable injury from occurring before the court has a chance to decide the case.") (emphasis added).

[116] 12 V.I.C. § 913(b)(1).

[117] *See, e.g., V.I. Conservation Soc'y v. Golden Resorts, LLLP*, 55 V.I. 613 (V.I. 2011) (conservation society trying to stop resort from building); *Traxco, Inc. v. Gov't of the V.I.*, 49 V.I. 240 (V.I. Super. Ct. 2008) (casino trying to stop competing resort with casino from building).

[118] 12 V.I.C. § 913(b)(2).

as discussed above, appealing the grant of the very thing one seeks is illogical and there is no record upon which to base such an appeal.

¶47    The second condition of *Cheney* and the first element Virgin Islands courts have adopted for mandamus writs, a clear right in the plaintiff for the relief sought, is also met. The law is clear as to automatic grants of permits and Plaintiff has clearly shown it has satisfied the requirements of the law. The second element Virgin Islands courts have adopted, a plainly defined duty on the part of defendant is met – the law is clear that once the statutory timeframe for notice and issuance has expired, CZM and Commissioner must issue the permit. Lastly, the third condition of *Cheney* is met, the Court is satisfied mandamus is appropriate under the circumstances for the myriad of reasons detailed above.

¶48    The writ of mandamus was fashioned for precisely an instance such as these – the failure of a government officer in acting. This position is strengthened by the fact that the Legislature specifically envisioned the failure of the CMZ to act in title 12, § 913 of the Virgin Islands Code and specifically provided in 12 V.I.C. § 913(b)(2) for actions in equity to compel the Commissioner and CZM to act. Thus, Plaintiff's relief for a writ of mandamus directing the CZM and Commissioner to produce the permit is granted.

### C.  Plaintiff is entitled to declaratory judgment

¶49    The Court may issue a declaratory judgment in addition to other adequate remedies, such as the writ of mandamus. There is a justiciable controversy here, whether or not Plaintiff is entitled as a matter of law to the issuance of a permit by default. Plaintiff and Defendants' interests in the issuance of the permit is adverse – Plaintiff wants to receive the permit and Defendants do not want to grant the permit. Deciding this issue will terminate the controversy. Declaratory judgment in favor of Plaintiff is appropriate here.

### D.  Plaintiff has not shown an "improper regulatory taking"

¶50    Plaintiff asserts that it has a property right in the permit, that CZM's denial constitutes a taking, that Plaintiff was not compensated for this, that the Virgin Islands Bill of Rights prohibits such a taking, and that the permit's non-issuance is therefore an improper regulatory taking.[119] Plaintiff further argues that it should be compensated for the time and profits it lost in not being able to operate during the 2020 tourist season.[120] The Court disagrees with this assessment. Plaintiff does not assert in any later motion or in the complaint any caselaw or prior precedent or relevant statute beyond the Virgin Islands Bill of Rights. However, Plaintiff ignores that the Bill

---

[119] Pl.'s Pet. For Writ Of Mandamus And Suit For Damages 4-5.

[120] The Court notes that due to the Covid-19 pandemic, the Governor issued multiple Executive Orders shutting down and largely limiting activities in the U.S. Virgin Islands, including gatherings, bars, restaurants, hotels, and travel to island, hamstringing the 2020 tourist season severely and largely limiting what, if any, profits Plaintiff might have expected. This shutdown continues as of the issuance of this Memorandum Opinion and Order in March of 2021.

*Cowgirl Bebop, LLLP v. Jean-Pierre L. Oriol, et al.*
Case No. ST-2019-CV-00582
Memorandum Opinion and Order
Page 19 of 21

2021 VI Super 28U

of Rights prevents the *taking* of *private property* for *public use*.[121] It is the Court's opinion that Plaintiff fails each of these three aspects.

¶51    First, Plaintiff has not demonstrated a *taking*. Merriam-Webster defines the verb "take" as:

> 1: to get into one's hands or into one's possession, power, or control: such as a: to seize or capture physically b: to get possession of (fish or game) by killing or capturing c: (1): to move against (an opponent's piece, as in chess) and remove from play (2): to win in a card game d: to acquire by eminent domain.[122]

¶52    These definitions, including the last, most relevant definition which features the word "acquire," all presuppose something in existence which is then moved from the control of one party into the domain of another. Something cannot be taken before it exists, and the granted minor permit was not yet in existence. Plaintiff is seeking something be given to them, not the return of something that was originally in its control.

¶53    Second, Plaintiff has not established that the minor permit was its *private property*. While property may be intangible or tangible, the Court will not go so far as to declare an unvitiated statutory right to receive a regulatory permit to be intangible property. Applying for a CZM permit is not equivalent to mineral rights, or water rights, which govern physical objects. The permit is a regulatory governmental action akin to a car registration. Further, unlike even a car registration, the permit does not even regulate private property, rather it regulates the private use of public land. It is more akin to renting a public grill at the shore, a public dock space, or a parking space in a public lot. This is a privilege allowing the temporary use and limited modification of public lands. There are other means of enforcing the grant of this permit than attaching private property rights to an abstract legal concept and casting it into the muddy waters of property law. The Court declines to do so here. The permit in this case is not a cognizable property interest under the Fifth Amendment or the Virgin Islands Bill of Rights.

¶54    Third, Plaintiff has not shown how the non-granting of the permit in anyway is being used by Defendants for public use. As stated above, the grant of the minor permit is not yet realized. The Court cannot discern, and Plaintiff provides no argument as to how, this unrealized permit is being utilized by the Government of the Virgin Islands in furtherance of a public purpose. Thus, Plaintiff has not convincingly shown in anyway how there might conceivably be a regulatory taking here.

¶55    As stated above, the Court is not convinced there was a taking, that there was private property involved, or that anything was being used for public use. Thus, there can be no cognizable property interest under the Fifth Amendment, there can be no ouster from private property, and there can be no denial of all economic use from that private property. Further, *United States v. Riverside Bayview Homes, Inc.* found that denial of a permit was not necessarily a regulatory

---

[121] 48 USCS § 1561

[122] *Take*, MERRIAM WEBSTER DICTIONARY (2021) (last updated Feb. 19, 2021) https://www.merriam-webster.com/dictionary/take.

*Cowgirl Bebop, LLLP v. Jean-Pierre L. Oriol, et al.*
Case No. ST-2019-CV-00582
**Memorandum Opinion and Order**
Page 20 of 21

2021 VI Super 28U

taking even when applied to *private* property. At issue here is *public* property. Permitting Plaintiff to use public property is more akin to a privilege than a right. Lastly, as the United States Supreme Court said in *Riverside Bayview Homes, Inc.* "after all, the very existence of a permit system implies that permission may be granted, leaving the landowner free to use the property as desired."[123] The permit is so granted. A mere delay in the granting of regulatory permission to use public land is not a "taking." Given the reasoning set forth above, the Court is thoroughly unpersuaded there was an improper regulatory taking here and that count will be dismissed.

## IV.    CONCLUSION

¶56    Defendants have filed concurrent motions asking to the Court to dismiss the case due to failure by the Plaintiff to exhaust administrative remedies and to stay matters pending the Court's ruling on the Motion To Dismiss. Because the Court will deny the Motion To Dismiss , the Motion To Stay will be denied as moot. Plaintiff filed a Motion For Judgment, Motion For Injunction, and Motion For Ruling. Because the Motion For Judgment will be granted, the Motion For Ruling will be denied as moot. The Motion For Preliminary Injunction will be denied as it is the improper remedy.

¶57    Just as this Court is bound by the laws the Legislature has established, so too are the administrative agencies set up to help regulate them. Plaintiff applied for a minor permit June 21, 2019. The Virgin Islands Code provides a clear timetable during which CZM must act, or else the permit will be deemed granted by an operation of law. Those time periods have come and passed. The Court does not rule on the desirability of Plaintiff's permit and notes its frustration that the grant-by-default provision of the CZM Act may in cases such as these work to undermine the laudable public purposes served by the rest of the CZM Act. However, Plaintiff's statutory right to the permit has been clearly violated and administrative exhaustion is futile and unnecessary. Dismissal pending agency review in which there can only be one clear and correct outcome would further strain both parties and the Court's resources in what is a straightforward case. Plaintiff's Motion For Judgment will be granted and the relevant public officials are ordered to grant and produce the permit as required by law and in accordance with all relevant regulations.

¶58    Finally, Plaintiff is also entitled to a declaratory judgment recognizing the permit shall be granted. However, Plaintiff is not entitled to a finding that not issuing the minor permit constituted an improper regulatory taking.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion For Judgment On The Pleadings, filed February 27, 2020, is **GRANTED**; and it is further

---

[123] *United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 127 (1985).

**ORDERED** that Plaintiff's minor permit application, filed June 21, 2019, is **DEEMED APPROVED by operation of law**; and it is further

**ORDERED** that, **on or before March 30, 2021**, the Commissioner of the Department of Planning and Natural Resources and the Coastal Zone Management Division shall issue and deliver the subject minor CZM permit to Plaintiff **in accordance with all applicable laws and regulations**; and it is further

**ORDERED** that Defendants' Motion To Stay Proceeding Pending Resolution Of Motion To Dismiss, filed December 31, 2020, is **DENIED as moot**; and it is further

**ORDERED** that Defendants' Motion To Dismiss For Failure To Exhaust Administrative Remedies, filed December 30, 2020, is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion For Preliminary Injunction, filed February 27, 2020, is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for Immediate Ruling in Plaintiff's Favor on Plaintiff's Motion for Judgment on the Pleadings, filed January 25, 2021, is **DENIED as moot**; and it is

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

DATED: 3|5|2021

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

BY: _____
*for* **LORI BOYNES**
Chief Deputy Clerk 3 / 8 / 2021